```
                                              ┌─────────────────────────────┐
UNITED STATES DISTRICT COURT                  │ USDC SDNY                   │
SOUTHERN DISTRICT OF NEW YORK                 │ DOCUMENT                    │
                                              │ ELECTRONICALLY FILED        │
                                              │ DOC #: _____        │
                                              │ DATE FILED: 9/28/2025       │
                                              └─────────────────────────────┘
```

UNITED STATES OF AMERICA,

                                              -v-

JUAN CARLOS LOPEZ LASA,

                                               Defendant.

1:22-cr-532-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On April 16, 2025, the defendant was sentenced principally to a term of imprisonment of 138 months. Dkt. No. 153.

On September 26, 2025, the defendant, acting *pro se*, filed a letter (the "Letter") "in an effort to request USSG Section 4C1.1 (Adjustment for certain zero-point offender)." Dkt. No. 121. The Court construes the Letter as a motion for a sentence reduction pursuant to Amendment 821 to the Sentencing Guideline amendment which went into effect on November 1, 2023 and applies retroactively. The Court has considered the record in this case, and the Letter, pursuant to 18 U.S.C. § 3582(c)(2).

The defendant is ineligible for any retroactive reduction in his sentence under Section 4C1.1 for the simple reason that Amendment 821 went into effect before the defendant was sentenced. The Court used the November 1, 2024 sentencing guidelines, which incorporated USSG 4C1.1, for the defendant's sentencing. Because the chronology of Mr. Lopez Lasa's sentencing makes it clear that the Amendment 821 was effective before Mr. Lopez Lasa's sentencing, the request that his sentence be reduced retroactively has no merit.

To the extent that the Letter can be construed to request a reduction in the defendant's sentence under Section 18 U.S.C. § 3582(c)(1)(A), it must be denied. The Letter does not indicate

that the defendant has satisfied the statutory preconditions to such an application; nor does it provide any support for the Court to find "extraordinary and compelling reasons" for his early release.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Lopez Lasa by first class mail.

SO ORDERED.

Dated: September 28, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge